IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
JOHN JACKSON,                          : CASE NO.  1: 010 CV 01453
                                       :
              Plaintiffs,              :
                                       : MEMORANDUM OF OPINION AND
        -vs-                           : ORDER REMANDING THE MATTER
                                       : TO STATE COURT
                                       :
CITY OF CLEVELAND DEPARTMENT           :
OF BUILDING AND HOUSING, et al.,       :
                                       :
              Defendants.              :
-----------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This dispute over the alleged wrongful demolition of a two-family home, owned by John Jackson, was removed to this Court by the City of Cleveland Department of Building and Housing.  (Doc. 1).  The Plaintiff's complaint called for relief under Ohio state statute, the Ohio Constitution, and the United States Constitution.  (Doc. 1, Attached Complaint).

Pending before the Court are three motions: (1) Defendant City of Cleveland's Motion to Dismiss Mr. Jackson's complaint (Doc. 9); (2) Plaintiff Jackson's Motion to Stay Time to File the Record of the Board of Building Standards and Building Appeals (Doc. 12); and (3) Mr. Jackson's Motion to Remand (Docs. 5 & 7).

Prior to any responsive pleading and within time Mr. Jackson amended his complaint as a matter of right.  See Fed. R. Civ. P. 15(a).  (Doc. 4).  The amended complaint seeks declaratory judgment under O.R.C. 2721.01, et seq., and relief for

wrongful demolition under the Ohio state Constitution. The amended complaint seeks no relief under federal law and raises no federal question. For the reasons outlined below, the Court will grant Mr. Jackson's Motion to Remand.

Because the only claims that remain in the amended complaint are state law claims against non-diverse defendants, the Court will decline to exercise supplemental jurisdiction over those claims and will remand this matter to the Court of Common Pleas for Cuyahoga County, Ohio, where it was originally filed. The Court expresses no opinion on the merits of the arguments raised by the City of Cleveland in its Motion to Dismiss, or by the Plaintiff in his Motion to Stay.

It is well established that this Court must determine its subject matter jurisdiction "by examining the complaint as it existed at the time of removal." Eastman v. Marine Mechanical Corp., 438 F.3d 544, 551 (6th Cir. 2006). "Subsequent amendments are permitted, of course; but if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)." Id.

The City of Cleveland's arguments notwithstanding (Doc. 8), the Court has no federal claims currently pressed upon it by the Plaintiff's amended complaint. Accordingly, as it may, the Court declines to exercise its supplemental jurisdiction over the two state-law claims in the newly-amended complaint. See Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 616 (2001). Rather, as a dispute without a federal question, and purely animated by state-law, the Court finds the appropriate course of action is to remand this matter to state court to address the City of Cleveland's arguments in support of dismissal, the Plaintiff's motion to stay, and any further proceedings.

Thus, the Court remands the claims in the newly-amended complaint to the Cuyahoga County Court of Common Pleas.  The Clerk shall mail a certified copy of this order to the Clerk of the Cuyahoga County Court of Common Pleas, in accordance with 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 8 November 2010